SOUTHERN TIRE & RUBBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 22717. Promulgated November 14, 1929.

*Henry Ravenel, Esq.,* for the petitioner.
*P. M. Clark, Esq.,* and *C. C. Holmes, Esq.,* for the respondent.

## OPINION.

MORRIS: The respondent contends that since the petitioner had paid no cash salaries prior to 1921, and the board of directors at its meeting on February 11, 1921, did not fix salaries, but postponed consideration thereof to a later date, and the minutes of the board of directors of January 20, 1922, fixed salaries for 1920 and 1921 only, no liability existed in 1922, for the salaries of $10,000, and, furthermore, since the resolution fixing salaries for 1920 and 1921 was not passed until 1922, there was no liability existing in 1921 for the payment of the $10,000 in question for that year and consequently the petitioner was entitled to no deduction therefor.

The petitioner is entitled to deduct " all the ordinary and necessary expenses paid or incurred during the taxable year   *   *   *   including a reasonable allowance for salaries or other compensation for personal services actually rendered   *   *   *."

Therefore, in order to determine the deductibility of the amounts here in controversy, we must find from the record that they were " incurred," that is, that there was a liability during and for the years in controversy. *William J. Ostheimer*, 1 B. T. A. 18. In other words, there must have been a legally enforceable obligation in those years. *Mitchell M. Frey, Jr., et al.*, 1 B. T. A. 338.

The record shows to our satisfaction that at the stockholders' meeting of June 3, 1920, Julian M. Smith offered an oral motion that the salaries of Weems A. Smith and C. E. Smith be fixed at $5,000 each per annum, and $2,000 per annum for Julian M. Smith, and that said motion was unanimously adopted, although it was not made a part of the written minutes of that meeting; that thereafter, on February 11, 1921, the directors held a meeting, at which the question of salaries of the said Weems A., C. E., and Julian M. Smith for 1920 was discussed and, as the minutes disclose, " it was the sense of the board that the fixing of their salaries be considered at a later meeting."

On January 20, 1922, the board of directors passed a resolution fixing the salaries of Weems A. and Julian M. Smith at $8,000 and $2,000 per annum, respectively, " reverting back to and including salary due for the years 1920 and 1921."

The by-laws of the petitioner undoubtedly provide for the fixing of officers' salaries and would settle the question of whether that power was vested in the stockholders or in the board of directors, but unfortunately the by-laws are not before us, nor are we told what they contain with respect to that question. Several witnesses ventured their own opinions, in the form of conclusions, that the stockholders were so empowered, but, since that becomes an important question for us to determine, we deem it necessary to examine the question ourselves and draw our own conclusions based upon the facts we have of record.

It is well settled law, and we believe it requires no citation of authority, that stockholders, as such, have no power to bind a corporation by contract either individually or as a body. In such matters the directors have supreme power and authority. The directors are the managers and, as long as they conduct the affairs of the corporation lawfully and for the best interest of all concerned, their activities can not be questioned nor successfully attacked. Stockholders have, of course, the power to elect directors, make by-laws, increase or decrease the capital stock, authorize amendments to the charter, declare dividends, and dissolve the corporation, but beyond there their functions are exceedingly limited. See Cook on Corporations, 8th ed., vol. IV, secs. 704, 727. If stockholders can not contract for the corporation and bind it by their acts, it follows that they have no power to fix the salaries of officers.

The testimony of witnesses is fairly conclusive that an oral resolution was in fact offered and adopted by the stockholders at the meeting held on June 3, 1920, and we have so found as a fact, but it does not appear that the corporation ever acted in accordance therewith. It appears that the directors totally ignored their action.

Had the board of directors made no mention of salaries, it may reasonably be argued that they had overlooked the former action of the stockholders, but such was not the case. At its meeting of February 11, 1921, the salaries of the president and treasurer of the company were discussed and " it was the sense of the board that the fixing of their salaries be considered at a later meeting." At its meeting of January 20, 1922, the salaries of the president and treasurer were actually fixed for the years 1920 and 1921 at $8,000 and $2,000 per annum, respectively. If salaries had already been fixed for those years, as the petitioner seems to believe and contends, there would have been no necessity for a further fixing thereof in 1922 by the board of directors. It is also well to observe that the sum of $8,000 representing the president's salary for 1921 was not recorded in the books of account until December 31, 1922, and, furthermore, that said entry was made in pursuance of the board's action at its meeting of January, 1922.

We can not assume that, because these men were employed by the corporation and gave their time and services thereto, they were entitled to compensation therefor in the form of salaries. It would not be entirely illogical to assume on the contrary that they, as stockholders of the company, were content to receive their compensation in the form of dividends; consequently under the circumstances no salaries would be provided for. We do not say, of course, that any such arrangement existed here, but offer the suggestion simply to show why we can not assume that there was legal obligation to pay a salary in 1921 and, therefore, since we have found the amount to be reasonable, allow the deduction.

Had a showing been made by the petitioner that the stockholders and board of directors were the same or that the entire directorate was present at the stockholders' meeting of June 3, 1920, the issue urged may have presented other questions for consideration, but in view of the facts of record the respondent should be sustained in his disallowance of salaries of $10,000 for 1921.

With respect to the deduction for 1922, however, we entertain a different view. There may be some doubt due to the rather ambiguous wording of the resolution of the board of directors of January 20, 1922, that it specifically fixed the salaries for 1922, but other factors are present evidencing the petitioner's salary policy for that year. The record shows that the entire treasurer's salary, amounting to $2,000, was paid to him in 1922, and, furthermore, that $7,100.09 of the total salary credited to the president in December, 1922, had already been paid to him when the said credit was placed upon the books of account. We, therefore, are of the opinion that the respondent erred in disallowing the salary deduction of $10,000 for 1922.

*Judgment will be entered under Rule 50.*